**Luke E. ROBINSON, Administrator of The Texas Alcoholic Beverage Commission et al., Appellants,**

**v.**

**STEAK AND ALE NO. 105 CLUB and Steak and Ale No. 106 Club, Appellees.**

**No. 8802.**

Court of Civil Appeals of Texas, Texarkana.

Oct. 7, 1980.

Mark White, Atty. Gen., R. E. Lattimore, Asst. Atty. Gen., Austin, for appellants.

Mark Berry, Christie, Berry & Dunbar, El Paso, for appellees.

CORNELIUS, Chief Justice.

After an audit of the records of Steak and Ale Club No. 105 and Steak and Ale

Club No. 106, both in Dallas, the Alcoholic Beverage Commission demanded additional license fees from the clubs based upon their total membership. The clubs paid the additional fees under protest and then filed suits, later consolidated, to recover the amounts paid. Both parties moved for summary judgment, conceding that the disposition of the case depended upon the legal meaning of the terms "members" and "members in good standing" as contained in the Texas Liquor Control Act,[1] and that no material issue of fact existed. The trial court granted appellees' motions and rendered judgment that the disputed license fees be returned to them.

At the time the alleged fees became due, Vernon's Penal Code Ann. art. 666–15e and Rule 56 of the Alcoholic Beverage Commission Regulations governed the issue in question here. Article 666–15e has since been repealed and is now embodied in Section 32.03 of the Alcoholic Beverage Code Annotated. The former article provided, in its pertinent parts, as follows:

"1. For purposes of this Act, the following definition of words and terms shall apply:

"(a) 'Private Club' shall mean an association of persons, whether unincorporated or incorporated under the laws of the State of Texas, for the promotion of some common object and *whose members must be passed upon and elected as individuals, by a committee or board made of members of the club.* No employee of the club shall be eligible to serve on such committee or board, and no application for membership shall be approved until said application has been filed with the chairman of the membership committee, or the board, as the case may be, and approved by such chairman. . . .

. . . . .

"6. Any club which conforms to the definition of a 'private club' as set forth in Section 1(a) of this Act shall make application for a Private Club Registration Permit on forms furnished by the Board furnishing to the Board all infor-mation necessary to insure compliance with this Act and the Texas Liquor Control Act. Each applicant shall furnish a true copy of his application to the Texas Liquor Control Board District Office in the district in which the premises sought to be covered by the permit is located prior to the filing of the original thereof with the Texas Liquor Control Board at Austin, Texas. Each private club in the State of Texas shall pay a yearly fee to the State for each separate place of business. *The license fee shall be based on the highest number of members in good standing during the year for which the license fee is to be paid and shall be at the following rates:*

| | |
|---|---|
| 0 to 250 = $ 500.00 | 651 to 750 = $1,500.00 |
| 251 to 350 = $ 700.00 | 751 to 850 = $1,700.00 |
| 351 to 450 = $ 900.00 | 851 to 950 = $1,900.00 |
| 451 to 550 = $1,100.00 | 951 to 1000 = $2,000.00 |
| 551 to 650 = $1,300.00 | Over 1000 = $2.00 per member |

. . ." (Emphasis supplied.)

Rule 56 of the Alcoholic Beverage Commission, adopted pursuant to authority granted by the statutes, provided in part:

"SECTION 2.

"(1). No private club shall be qualified to hold a Private Club Registration Permit unless it shall:

"(a). Have twenty–five or more members at all times.

"(b) Have a membership committee composed of three or more members of the club and vested with authority by charter, by-law or regulation to approve or reject membership applications and terminate existing memberships. The governing body of a club, if qualified under this provision, may be the membership committee, and when functioning as such shall be subject to and governed by all provisions herein relating to the membership committee. When considering a membership application or termination of membership, the membership committee shall keep written minutes showing the meeting date, the names of all committee members present, the name of any person

---

1. Now the Texas Alcoholic Beverage Code Annotated.

admitted to membership, and the name of any person whose membership was terminated. No minutes shall be required of any discussion or action regarding a membership application which is denied.

"(c). *Have, other than charter members, no members except those approved by at least three members of the membership committee at a meeting of such committee.*

. . . . .

"SECTION 3. As provided in Article I, Section 15(e) of the Texas Liquor Control Act, alcoholic beverages owned by members of a private club may be served only to and consumed only by a member, a member's family, or their guests.

"(1). *The word 'member' shall mean a person who has been admitted to membership as provided in Section 2 of this Rule and Regulation.*

. . ." (Emphasis supplied.)

The undisputed facts reveal that Club 105 had only 284 regularly elected members who had been approved by the membership committee in the manner prescribed by the statutes and by Rule 56, and who had paid their pool assessments,[2] and that the club had willingly paid the statutory license fees for those members. Club 106 had only 134 charter members elected and approved by the statutory method, and who had paid their pool assessments, and it was stipulated that the appropriate license fees for such members had been paid. It was also undisputed, however, that both clubs had issued permanent membership cards to several thousand additional persons and had served those persons alcoholic beverages in the club premises, and it is for that reason that the Commission contends that the additional license fees are due. The basis of the contention is that, despite a failure to comply with the statutory requirements for making such persons members, the clubs have treated them in all respects as members, and that this Court should use its equity powers to hold such persons to have

become members in good standing so as to prevent unjust enrichment of the club at the expense of the State.

 The judgment will be affirmed. The statute quite clearly provides that private clubs can acquire permanent members only upon application filed with the chairman of the membership board or committee and approved by him, *and* upon election by the membership board or committee. It further provides that the license fee shall be $2.00 per member for the highest number of *members in good standing* during the year for which the license fee is due. If a person has never become a lawful member, he certainly cannot be a member in good standing.

When the legislative intent is clearly expressed in a statute, it must be enforced as written unless it is found to be unconstitutional or unenforceable for other legitimate reasons. *Sheppard v. Lone Star Gas Co.,* 195 S.W.2d 1013 (Tex.Civ.App. Austin 1946, writ ref'd). The courts have no authority to circumvent or enlarge the statutes to avoid what they consider an inequitable or unwise result. The state has other remedies available to it for the clubs' abuses of the private club regulations. It can suspend their permits, institute criminal prosecution, or seek injunctive relief. It should not be allowed to compound the clubs' violations of the law by assessing additional license fees. That would sanction the non-statutory process by which nonmembers were afforded membership privileges, and would in effect allow the violation of state laws in return for the payment of a fee.

The judgment is affirmed.

---

2. The pool system for private clubs is a system in which all members of a pool participate equally in the purchase of alcoholic beverages and in which the replacement of all alcoholic beverages is paid for by monies assessed equally from each member of the club.